IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

**DENISE WILLIAMS**, an individual,

      Plaintiff,

v.

**MORROW COUNTY,** a political
subdivision of the state of Oregon, **KAREN
WOLFF,** an individual,

      Defendants.

Case No.  2:15-CV-00858-SU

**FINDINGS AND
RECOMMENDATION**

SULLIVAN, United States Magistrate Judge:

      Plaintiff, Denise Williams, moves to dismiss the sole federal claim in her complaint against

her former employer, Morrow County, and the county's human resources director, Karen Wolff

("Defendants").  She moves to remand the remaining state claims to state court.  Defendants do not

oppose the motion.

      Plaintiff filed her amended complaint in the Oregon Circuit Court for Morrow County.

Page 1 - FINDINGS AND RECOMMENDATION

Notice Removal, at 2.  The complaint alleged a federal Section 1983 claim and two state claims.

Notice Removal, at 2, 5.  Defendants removed the complaint to this Court pursuant to 28 U.S.C. §

1331 and 28 U.S.C. § 1441.  Notice Removal, at 2.  Plaintiff now moves to voluntarily dismiss the

federal claim, which served as the basis for removal.  Plaintiff has conferred with defendants and

they do not oppose either the dismissal or the remand.  Mot. Remand, at 1.

In the Ninth Circuit, if a federal claim existed at the time of removal, the federal court has

discretion to retain jurisdiction over pendent state claims even if plaintiff later dismisses the federal

claim.  *Nishimoto v. Federman–Bachrach & Associates*, 903 F.2d 709, 715 (9th Cir.1990); *Sparta*

*Surgical Corp. v. Nat'l Ass'n of Sec. Dealers*, 159 F.3d 1209, 1213 (9th Cir.1998); *Armendariz v. Ace*

*Cash Exp.*, 2013 WL 3791438, at *4 (D. Or. July 19, 2013).  However, in exercising this discretion,

a court must consider "the values of judicial economy, convenience, fairness, and comity."

*Nishimoto*, 903 F.2d at 715.   "In a case in which all federal law claims are eliminated before trial,

the balance of these factors will generally point toward declining to exercise jurisdiction over the

remaining state law claims."  *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7

(1988)).  Moreover, these factors generally favor remand of the case to state court when available

rather than a dismissal of the case altogether.  *Carnegie-Mellon Univ*, 484 U.S. at 353.  Here, all of

the factors weigh in favor of declining to exercise supplemental jurisdiction and remanding the state

claims to state court.  Moreover, defendants do not oppose it.  Accordingly, the federal Section 1983

claim should be dismissed and the remaining state claims remanded to state court.

## RECOMMENDATION

For the above reasons, Plaintiff's Motion to Allow Voluntary Dismissal of Count Three of

Her Complaint and Remand to State Court (Doc. #6) should be GRANTED.  Plaintiff's Section 1983

claim should be DISMISSED and the remaining claims should be REMANDED to state court.

**SCHEDULING ORDER**

The above Findings and Recommendations will be referred to a United States District Judge for review.  Objections, if any, are due within fourteen (14) days.  If objections are filed, a response to the objections is due fourteen (14) days after the date the objections are filed and the review of the Findings and Recommendations will go under advisement on that date.

IT IS SO ORDERED.

DATED this 24th day of July 2015.


/s/ Patricia Sullivan
_____
Patricia Sullivan
United States Magistrate Judge

Page 3 - FINDINGS AND RECOMMENDATION