IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| **DENISE WILLIAMS**, an individual, | Case No. 2:15-CV-00858-SU |
| Plaintiff, | **FINDINGS AND** |
| v. | **RECOMMENDATION** |
| **MORROW COUNTY,** a political subdivision of the state of Oregon, **KAREN WOLFF,** an individual, | |
| Defendants. | |

SULLIVAN, United States Magistrate Judge:

      Plaintiff, Denise Williams, moves to dismiss the sole federal claim in her complaint against her former employer, Morrow County, and the county's human resources director, Karen Wolff ("defendants"). She moves to remand the remaining state claims to state court. Plaintiff and defendants have conferred and reached an agreement concerning dismissal and remand. For the reasons set forth below, the federal claim should be dismissed, the case remanded, and removal fees

should be reimbursed to defendants.

## BACKGROUND

Plaintiff filed her amended complaint in the Oregon Circuit Court for Morrow County. Notice Removal, at 2. The complaint alleged a federal claim under 42 U.S.C. § 1983 and two state claims. Notice Removal, at 2, 5. Defendants removed the complaint to this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1441. Notice Removal, at 2. Plaintiff now moves to dismiss with prejudice the federal claim, which served as the basis for removal, and moves to remand the case to state court. Mot. Remand, at 2; Pl.'s Resp. Objs. F & R, at 1. Plaintiff has conferred with defendants, who agreed to the dismissal and remand provided the Court order reimbursement of the $400 removal fee paid by defendants. Defs.' Objs. F & R, at 2. Plaintiff states that she is in agreement with this proposal. Pl.'s Resp. Objs. F & R, at 1.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 41, once the opposing party has answered the complaint, a plaintiff may voluntarily dismiss a claim only by court order and "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). The court has discretion to grant or deny the motion for voluntary dismissal and to set the terms of dismissal. *Westlands Water Dist. v. United States,* 100 F.3d 94, 96 (9th Cir. 1996)*; Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989). However, generally, a "court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Although courts often condition the dismissal on the plaintiff's payment of the defendant's costs, a court is not required to do so. *Stevedoring Servs. of Am.*, 889 F.2d at 921; *Westlands Water Dist.*, 100 F.3d at 97. Rather,

Page 2 - FINDINGS AND RECOMMENDATION

"the district court has broad fact-finding powers to grant or decline sanctions," such as removal fees. *Smit*h, 263 F.3d as 978.

The court also has discretion in determining whether to remand a case to state court. If a federal claim existed at the time of removal, the federal court may choose to retain jurisdiction over pendent state claims, even if plaintiff later dismisses the federal claim. *Nishimoto v. Federman–Bachrach & Associates*, 903 F.2d 709, 715 (9th Cir.1990);*Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers*, 159 F.3d 1209, 1213 (9th Cir.1998); *Armendariz v. Ace Cash Exp.*, 2013 WL 3791438, at *4 (D. Or. July 19, 2013). However, in exercising this discretion, a court must consider "the values of judicial economy, convenience, fairness, and comity." *Nishimoto*, 903 F.2d at 715. "In a case in which all federal law claims are eliminated before trial, the balance of these factors will generally point toward declining to exercise jurisdiction over the remaining state law claims." *Id.* (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)). Moreover, these factors general favor remand of the case to state court when available, rather than a dismissal of the case altogether. *Carnegie-Mellon Univ*, 484 U.S. at 353.

## DISCUSSION

Here, both parties agree to dismissal with prejudice of plaintiff's federal claim. Defendants do not argue against dismissal, nor do they claim they would suffer any harm as a result of it. Thus, the federal claim should be dismissed with prejudice. As for removal costs, both sides agree that plaintiff should pay $400 to defendants. Defendants would not have incurred these costs if plaintiff had not included the federal claim in her complaint. The Court sees no reason why the costs should not be ordered. Concerning remand, no federal claims remain after the dismissal of plaintiff's Section 1983 claim. Accordingly, "the values of judicial economy, convenience, fairness, and

comity" weigh in favor of the court declining to exercise supplemental jurisdiction over the remaining state claims and remanding them. Defendants have agreed to remand. Accordingly, plaintiff's lone federal claim should be dismissed and the remaining state claims remanded to state court.

## RECOMMENDATION

For the above reasons, Plaintiff's Motion to Allow Voluntary Dismissal of Count Three of Her Complaint and Remand to State Court (Doc. #6) should be GRANTED. Plaintiff's Section 1983 claim should be DISMISSED with prejudice and the remaining claims should be REMANDED to state court. In addition, plaintiff should be ORDERED to reimburse defendants for removal fees in the amount of $400.

## SCHEDULING ORDER

The above Findings and Recommendations will be referred to a United States District Judge for review. Objections, if any, are due by September 14, 2015. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendations will go under advisement on that date.

IT IS SO ORDERED.

DATED this the 31st day of August 2015.

             _/s/ Patricia Sullivan_
               Patricia Sullivan
            United States Magistrate Judge